# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.  2:18-cv-955 |
| Plaintiff, | : | |
| v. | : | |
| FORTY-EIGHT THOUSAND FORTY-ONE AND 00/100 DOLLARS ($48,041.00) IN UNITED STATES CURRENCY, | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| Defendant. | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendant in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## THE DEFENDANT IN REM

2. The defendant is Forty-Eight Thousand Forty-One and 00/100 Dollars ($48,041.00) in United States Currency.  The Drug Enforcement Administration seized the defendant on or about February 14, 2018, from Sam Drumgoole, following a traffic stop on Interstate 70, which was initiated by deputies with the Clark County Sheriff's Office.  The defendant has been

deposited into the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant under 21 U.S.C. § 881(a)(6). This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

5. Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and under 28 U.S.C. § 1395 because the defendant was seized in the Southern District of Ohio.

## BASIS FOR FORFEITURE

6. The defendant is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

## FACTS

7. On or about January 11, 2018, Detective Nicholas Deskins of the Grove City Division of Police received information from a confidential source of information ("CS") who advised that Sam Drumgoole ("Drumgoole") and Justin Bain ("Bain") had brought a load of

marijuana, approximately 200 pounds, into the Grove City, Ohio area. The CS further advised that Drumgoole and Bain had transported the marijuana by hiding it inside tractor tires which were carried on a flatbed trailer. The CS said that the trailer should be parked in the area of 2685 Demorest Road in Grove City.

8. After learning this information, a Grove City officer responded to the identified area on Demorest Road to conduct surveillance. The officer observed a fifth wheel flatbed trailer with tractor tires, which was parked in the area of 2685 Demorest Road. A check of the California registration displayed on the trailer, 4NJ3975, revealed that it was registered to Bain.

9. When officers returned a couple days later to check on the trailer, it was gone. The CS advised that the trailer had been moved to Utica, Ohio.

10. Further investigation of Drumgoole and Bain revealed that they operate a marijuana grow in California and that when the growing season is completed in California, they illegally sell any excess marijuana from the operation in central Ohio and elsewhere. Investigators learned Drumgoole and Bain had sold the majority of the marijuana load that they had transported to Grove City and that they would be leaving soon to travel back to California with the proceeds.

11. On or about February 6, 2018, the CS met with Drumgoole and Bain to discuss possible future marijuana business between the CS, his/her associates, and Drumgoole. In a recorded conversation, Drumgoole told the CS that he could get them as many pounds of marijuana as they wanted, such as 2,000 pounds. Drumgoole showed samples of his product to the CS. During the meeting, Drumgoole discussed the following with the CS:

    a. He has a lot of material that he was going to pump into "wax" soon or "some shatter."

    b. Literally, all he has been doing is selling pounds. He needs "to be home getting the garden ready . . . for this next season."

3

    c.    He was probably going to leave Bain in Ohio with a "bunch of weed" and then go back to California.

    d.    He does not need any "wax" and does not want to spend all his money to make "wax" if he does not know if people are going to buy it. He then stated, "I am a weed dealer. I sell flower."

    e.    He could produce 200 pounds for them in 90 days in Ohio instead of bringing all the weed from California. They would need to find a space to do it, use 100 lights, diesel generators, and exhaust the space. He could come out with Bain and set up the operation.

    f.    In discussing how to conceal a grow operation, he advised to "put a mask on it." He had a grow operation for 10-20 years on West Broad Street across from a school under the guise of a glass studio. He indicated a hundred lights "produce major pounds."

    g.    He packages marijuana in boxes from Home Depot and glues and tapes them shut.

    h.    He does not typically sell his "personal weed" for under $800.00 a pound. He would normally sell for $900.00 to "a stack" ($1,000.00).

    i.    He has put a lot of energy in his garden in the last two years, and this year was the same.

    j.    He sells multiple varieties of marijuana such as dream queen, gorilla glue, and candy land.

    k.    He had a real successful year this year and is trying to buy another property. He has bought three properties since he has been in California.

    l.    He has 100 pounds of marijuana packaged now from last year, and he would take $700.00 for it.

    m.    He might be in Ohio another week or a couple more days depending on how much more "weed" they get out of here. When it is gone, he will drive home.

12.    After this meeting, investigators followed Drumgoole and Bain to a location on Warren Avenue in Columbus, Ohio. Drumgoole and Bain parked their vehicle in front of a large Dodge heavy-duty flatbed truck, bearing California registration number 31814X1 ("the Dodge truck"). A check of the registration revealed that it was registered to Drumgoole. Investigators

also noted that the truck appeared to be capable of hauling a trailer.

13. On or about February 14, 2018, the Drug Enforcement Administration ("DEA") and the Grove City Division of Police conducted electronic surveillance of the Dodge truck and noted that the vehicle was moving west on Interstate 70. Investigators contacted the Clark County Sheriff's Office for assistance in stopping the Dodge truck. Investigators provided a description of the Dodge truck, advised that they believed the vehicle was carrying drug proceeds, and informed the Clark County Sheriff's Office that the vehicle's California registration was expired.

14. At approximately 9:10 p.m., Sergeant Ronnie Lemen ("Sgt. Lemen") of the Clark County Sheriff's Office located the Dodge truck and verified that the registration was expired. With the assistance of Clark County Sheriff's Deputy Steven Elliott ("Deputy Elliott"), Sgt. Lemen stopped the Dodge truck. Deputy Elliot approached the vehicle, identified Drumgoole as the only occupant, and told him the reason for the stop. Drumgoole acknowledged that he knew the vehicle's registration was expired.

15. While Deputy Elliot spoke to Drumgoole, Sgt. Lemen approached the Dodge truck from the passenger side and noticed a strong odor of marijuana coming from the vehicle.

16. The deputies asked Drumgoole to exit the vehicle and for permission to perform a safety pat-down of his person. Drumgoole consented. Sgt. Lemen completed the pat-down of Drumgoole and asked Drumgoole to sit in his patrol car.

17. Upon running Drumgoole's information through the system, the deputies learned that he had an active warrant, from the Franklin County Adult Parole Authority, related to a non-support case. The deputies advised Drumgoole of the warrant and placed him into custody. At that time, Drumgoole told the deputies that he wanted to be honest with them and stated that there

was a small amount of marijuana inside the Dodge truck.

18. After Sgt. Lemen and Deputy Elliot advised Drumgoole of his constitutional rights, Drumgoole signed a written consent form for the search of the Dodge truck.

19. While Deputy Elliot transported Drumgoole to the Clark County Jail, Sgt. Lemen stayed at the scene and awaited the arrival of a K-9 from the London Police Department for a narcotics K-9 sniff of the Dodge truck. London Police Officer Michael Combs ("Officer Combs") and his narcotics K-9 Ygor responded to the scene. Upon arrival, Officer Combs spoke to an officer and then deployed K-9 Ygor on lead. K-9 Ygor freely approached the Dodge truck to begin his sniff. When he reached the passenger side of the Dodge truck, he began jumping up and down. K-9 Ygor placed his nose on the seam of the door on the passenger side of the vehicle and then gave his trained positive alert to the odor of narcotics by jumping up, placing his paws on the rear passenger side door of the Dodge truck, and scratching at the door. Officer Combs advised Sgt. Lemen of the positive alert and placed K-9 Ygor back into his cruiser.

20. Following the positive alert, Sgt. Lemen and the other officers, who had arrived at the scene, searched the Dodge truck and discovered three (3) small glass mason jars containing approximately 41.71 grams of marijuana (confirmed through lab analysis) and a plastic pill bottle containing suspected marijuana seeds. At that time, DEA Special Agent Noah Bookman ("SA Bookman") arrived at the scene. For safety purposes, it was determined that the Dodge truck should be moved to a different location to allow for a more thorough search.

21. The Dodge truck was taken to the Clark County Sheriff's north detective garage where investigators performed a more thorough search of the Dodge truck. Upon removing the spare tire located underneath the truck, investigators noted that the tire was flat but had fresh tool markings on it. Investigators placed a small camera inside the tire and saw what appeared to be

a package. Upon cutting the tire open, investigators discovered two (2) separate vacuum-sealed bags. Upon opening these bags, investigators found that each bag held bundles of United States currency wrapped in carbon paper. After an official count, it was determined that the currency, hidden in the spare tire, totaled $48,041.00 in United States currency (the defendant).

22. On or about February 17, 2018, SA Bookman contacted Drumgoole about the currency that the investigators had located in his truck. Drumgoole told SA Bookman that the currency was from a product he had sold in Michigan called CBD (cannabidiol) wax oil, but he would not tell SA Bookman where the currency had been stored in his truck. Drumgoole further stated that he owns a glass business in California.

23. CBD extracts are classified as Schedule I controlled substances under federal law.

24. On May 29, 2018, the DEA received a valid claim from Drumgoole, asserting an ownership interest in the $48,041.00 in United States currency. This time, Drumgoole claimed that the currency came from his business of selling stainless steel butane condenser units at trade shows in the Detroit, Michigan metropolitan area in November and December 2017. In support of his claim, Drumgoole included a number of Western Union and MoneyGram receipts for money orders in the amount of $1,000.00 each as well as various handwritten receipts, some of which were illegible.

25. Based on the forgoing facts, the United States asserts that the $48,041.00 in United States currency represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. The property, therefore, is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## **CLAIM FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that:

(a) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendant and to retain the same in its custody subject to further order of the Court;

(b) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendant to assert, in conformity with the law, a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c) the forfeiture of the defendant to the United States be confirmed, enforced, and ordered by the Court;

(d) the Court thereafter order the United States to dispose of the defendant as provided by law; and

(e) the Court award the United States all other relief to which it is entitled, including the costs of this action.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney

        s/Deborah D. Grimes
        DEBORAH D. GRIMES (0078698)
        Assistant United States Attorney
        Attorney for Plaintiff
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202
        (513) 684-3711 / Fax (513) 684-6385
        Deborah.Grimes@usdoj.gov

## VERIFICATION

I, Noah H. Bookman, hereby verify and declare under the penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

8/27/18
Date

NOAH H. BOOKMAN, Special Agent
Drug Enforcement Administration

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Forty-Eight Thousand Forty-One and 00/100 Dollars ($48,041.00) in United States Currency

(b) County of Residence of First Listed Plaintiff: Franklin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Franklin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202  (513) 684-3711

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | [ ] 751 Family and Medical Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)
Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/27/18
SIGNATURE OF ATTORNEY OF RECORD: *Deborah Grimes*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____